UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC A. SKILLON,

                Petitioner,

v.                                            Case No. 20-CV-1857-JPS

EARL LUCAS,                            **ORDER**

                Respondent.

On December 16, 2020, petitioner Eric A. Skillon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket #1). Petitioner also filed a motion for leave to proceed without prepayment of the filing fee. (Docket #5). The petition alleges that Petitioner has suffered a violation of his right to a speedy trial under the Sixth Amendment. (Docket #1 at 10). Specifically, he explains that he made a speedy trial demand on June 30, 2020, and his trial was scheduled for December 7, 2020. However, in October, the trial court vacated the trial date because Petitioner's attorney had contracted COVID-19. (*Id.*) As an initial matter, the Court must screen Petitioner's petition under Rule 4 of the Rules Governing Section 2254 Proceedings, which requires the Court to examine the petition and dismiss it if it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief in the district court.[1]

According to publicly available records, on December 7, 2020—the date originally scheduled for trial—it appears that the trial was unable to

---

[1] Rule 1(b) of those Rules and Civil Local Rule 9(a)(2) give this Court the authority to apply the Rules Governing Section 2254 Cases to other habeas corpus cases, such as § 2241 petitions.

proceed "due to quarantine issues." Milwaukee County Case No. 2020CF297 *available at* https://wcca.wicourts.gov (last visited Sept. 7, 2021). A jury trial ultimately occurred on March 2, 2021. On March 5, 2021, the jury found Petitioner guilty of first-degree reckless homicide as a party to a crime, as well as of attempted armed robbery as a party to a crime.

Section 2241 allows pre-trial detainees to challenge their continued confinement. However, as the Seventh Circuit explains, Section 2241 petitions offer very limited avenues for relief:

> Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). *See also* [*Younger v. Harris*, 401 U.S. 37, 43 (1971)]. Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, **and only after the petitioner has exhausted state-court remedies**.

*Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (emphasis added); *Tran v. Bartow*, 210 F. App'x 538, 540 (7th Cir. 2006). A district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991); *Ihmoud v. Jett*, 272 F. App'x 525, 526 (7th Cir. 2008) (noting that the exhaustion of state remedies requirement applies to § 2241 petitions); *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that a "common-law exhaustion rule applies to § 2241 actions"). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*,

404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

While Petitioner has alleged a violation of his right to a speedy trial, it does not appear that he ever exhausted his state court remedies. Moreover, because his trial ultimately occurred, the issue regarding the speedy trial appears to be moot. For these reasons, the Court must deny the petition.

Given that Rule 1(b) of the Rules Governing 2254 Cases provides that a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)," the Court will also apply these rules to determine whether to issue a certificate of appealability. Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether this Court's procedural ruling was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (Docket #5) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge